NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH JOHNSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2569, 2018-1021, 2018-1091

---

Appeals from the United States Court of Federal Claims in No. 1:17-cv-00353-BAF, Senior Judge Bohdan A. Futey.

---

Decided: January 12, 2018

---

JOSEPH JOHNSON, St. Louis, MO, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Joseph Johnson appeals the U.S. Court of Federal Claims' ("Claims Court") dismissal of his complaint for lack of subject matter jurisdiction and denial of his motions for declaratory judgment. Because the Claims Court did not err in dismissing the complaint or denying Mr. Johnson's motions, we *affirm*.

## BACKGROUND

On March 15, 2017, Mr. Johnson filed a complaint in the Claims Court alleging several causes of action against various federal and non-federal individuals and entities. The government moved to dismiss the complaint for lack of subject matter jurisdiction. The Claims Court granted the motion. It concluded that it lacked jurisdiction over the discernable allegations in Mr. Johnson's complaint. It concluded that all claims accruing before March 15, 2011 were barred by the six-year statute of limitations under 28 U.S.C. § 2501 and that it lacked jurisdiction over claims against entities that are not the United States. It concluded it lacked jurisdiction over Mr. Johnson's tort claims and claims relying on provisions that do not create a right for money damages against the United States. It concluded that it lacked jurisdiction over Mr. Johnson's state and common law claims, and that it lacked jurisdiction over Mr. Johnson's Civil Rights Act claims because they must be brought in a federal district court.

Mr. Johnson also moved for "Partial Declaratory Judgment-Default." The Claims Court denied the motions, holding that the government had timely moved to dismiss before the May 15, 2017 deadline to respond to Mr. Johnson's complaint pursuant to RCFC 12(a)(1)(A).

Mr. Johnson timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Claims Court's dismissal for lack of jurisdiction de novo and its fact findings for clear error. *Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1354 (Fed. Cir. 2016). Mr. Johnson bears the burden of establishing jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). We accept his undisputed allegations as true and draw all reasonable inferences in his favor. *Id.* As Mr. Johnson is a pro se appellant, we liberally construe his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The jurisdiction of the Claims Court is set forth in the Tucker Act, 28 U.S.C. § 1491(a), but it does not itself create a right enforceable against the United States. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 991 (Fed. Cir. 2017). To establish Claims Court jurisdiction under the Tucker Act, a plaintiff must identify a substantive law that creates the right to money damages against the United States. *Id.*

The Claims Court properly dismissed Mr. Johnson's complaint for lack of jurisdiction. Mr. Johnson argues the Claims Court erred by dismissing his complaint for failure to allege a contract between him and the government since his complaint alleges other actions that would grant jurisdiction, such as "civil injury and Title III felony." The Claims Court, however, did not dismiss Mr. Johnson's complaint simply because it failed to identify a contract between him and the government. It recognized that it has jurisdiction over certain non-contract claims against the United States and analyzed each of Mr. Johnson's allegations and concluded that it did not have jurisdiction over any of his claims. It concluded, for example, it lacked jurisdiction over Mr. Johnson's criminal allegations because they arise from statutes that do not create the right to money damages against the United States. *See*

*Alvarado Hosp.*, 868 F.3d at 991.  On appeal, Mr. Johnson does not identify a money-mandating criminal statute against the government that would establish jurisdiction. Mr. Johnson also does not identify which civil injury gives the Claims Court jurisdiction over his complaint.  The Claims Court did not err by dismissing his complaint because Mr. Johnson failed to allege facts that would establish jurisdiction.

Mr. Johnson also argues the government defaulted on April 3, 2017, when it failed to timely respond to his motion filed on March 15, 2017.  Claims Court Rule 55(a) provides that the clerk must enter default if the party "has failed to plead or otherwise defend."  The government's response to Mr. Johnson's complaint, however, was not due until May 15, 2017 under RCFC 12(a)(1)(A).  The government timely moved to dismiss on May 12, 2017, and did not "fail[] to plead." *See* RCFC 55(a).  The Claims Court did not err in finding the government did not default or in denying Mr. Johnson's two motions for declaratory judgment.

We have considered Mr. Johnson's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Claims Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.